# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Gaxiola,<br><br>    Petitioner,<br><br>v.<br><br>Ryan Thornell, *et al.*,<br><br>    Respondents. | No. CV-24-02221-PHX-JJT (MTM)<br><br>**ORDER** |

    Before the Court is the Report and Recommendation (Doc. 17, "R&R") of United States Magistrate Judge Michael T. Morrissey. The R&R concludes the Court should dismiss with prejudice Francisco Gaxiola's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1, "Petition") as untimely and without entitlement to equitable tolling. In the R&R, Judge Morrissey warned the parties that they had fourteen days from the date of service of the R&R to file any specific written objections to it with the Court. Judge Morrissey further warned that "failure to timely file objections [to the R&R] may result in the acceptance of [it] by the District Court without further review." (R&R at 9.) It has now been three months since entry of the R&R and Petitioner Gaxiola has filed no objections thereto. The Court is thus empowered to accept the recommendations without further review. It nonetheless elects to conduct a review of the recommendations on their merits; upon doing so, the Court concludes that adoption of Judge Morrissey's recommendations, as well as his reasoning as set forth in the concise but thorough R&R, is justified.

Petitioner's state conviction for robbery became final for purposes of AEDPA[1] on June 20, 2020, when the Arizona Court of Appeals affirmed his conviction and sentence and thirty days had elapsed thereafter without him seeking review by the Arizona Supreme Court. At that point, AEDPA's one-year limitations period began to run, and did run for 34 days until it was tolled by Petitioner's timely PCR filing in the state trial court. The AEDPA limitations period resumed running on February 27, 2023, when the state court dismissed the PCR proceedings and Petitioner did not seek further review there. It ran for another 331 days, until January 25, 2024, when the limitations period exhausted. Petitioner did not file the instant Petition until August 21, 2024, nearly seven months too late. Judge Morrissey correctly determined that Petitioner did not state adequate basis for equitable tolling of the AEDPA limitations period, because Petitioner's lack of awareness of the limitations period is not an external force and in any event is not an extraordinary circumstance. *E.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). And Petitioner presents no new and reliable evidence of actual innocence to trigger review under *Schlup v. DeLo*, 513 U.S. 298 (1995). For these reasons,

**IT IS ORDERED** adopting in whole the R&R (Doc. 17) submitted by Judge Morrissey and dismissing with prejudice the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) as untimely and not subject to equitable tolling.

**IT IS FURTHER ORDERED** denying a certificate of appealability, as the Court concludes dismissal is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable. The Clerk of Court shall enter judgment and terminate this matter.

Dated this 15th day of April, 2025.

Honorable John J. Tuchi
United States District Judge

---

[1] Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. Section 2241 *et seq.*